WATKINS, Judge.
This is an action to obtain repayment of money plaintiff Howard Eads contends he lent defendant A. E. Probst. Defendant contends that the money was paid defendant by Eads to purchase a fractional interest in a partnership, Probst, Peek & Moran, d/b/a 1216 Company. Defendant reconvened, seeking alleged losses to Probst resulting from salvage of a building by Eads. The trial court found that plaintiff and defendant had failed to prove their respective claims by a preponderance of the evidence, and dismissed both the principal and the reconventional demand. Only plaintiff has appealed. We affirm.
Eads was a supervisor in the demolition and salvage of a building owned by the partnership in Fort Worth, Texas, and had done other work for Probst in the past. Eads contends that he lent Probst $7,000.00 because Probst needed cash. Probst contends that Eads purchased a 7% interest in Probst, Peek & Moran. In any event, Eads gave Probst a check in the amount of $7,000.00 drawn on Eads’ account, dated “1-2-78”. The money, if a loan, was never repaid. There is no other relevant testimony. Probst introduced two documents, which while self-serving to some extent, tended to show the $7,000.00 was paid by Eads to purchase a 7% interest in the partnership, which interest was later increased to 20%.
Plaintiff contends that he has proved his case, as a contract for the payment of money of greater than $500.00 value may be proved by the testimony of one credible witness and other corroborating circumstances. LSA-C.C. art. 2277. In the present case, we searched in vain for evidence other than Eads’ own testimony that would tend to establish Eads’ contention that the $7,000.00 was given as a loan. The check itself was introduced, but it is equally supportive of defendant’s contention that there was a purchase of a partnership interest. Certain other less pertinent exhibits were introduced, but they are equally supportive of either contention or theory.
Eads’ testimony was directly contradicted by only that of Probst. Plaintiff appears to contend that as only one witness contradicted Eads’ testimony that there was a loan, and as the loan had been duly proved by Eads’ testimony and other corroborating circumstances (which as we have stated were equally corroborative of either theory), the burden of proving there was not a loan shifted to Probst, and, as only Probst contradicted Eads’ testimony, Probst failed to carry that burden. However, witnesses are weighed, not counted, and although there is only one witness on either side, the trial court may determine for one side or the other based on his weighing the credibility of the two witnesses. Thibo-deaux v. St. Joseph Hospital, 276 So.2d 703 (La.App. 1st Cir. 1973). Here, quite obviously the trial court believed Probst. We cannot say the trial court committed manifest error or was clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973), Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). It must be remembered that LSA-C.C. art. 2277, the basis of Eads’ position, speaks of proving a contract of more than $500.00 with the testimony of one credible witness (and other corroborating circumstances).
Accordingly, the judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.